UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES WILLIAM FLETCHER,

    Plaintiff,

v.                                Case No.:   2:24-cv-136-SPC-KCD

AMIRA D. FOX, ROBERT BOWEN
and KATHLEEN A. SMITH,

    Defendants.
                                 /

## OPINION AND ORDER

Before the Court is Plaintiff James William Fletcher's Complaint for Violations of Civil Rights (Doc. 1). Fletcher, a pretrial detainee in Lee County Jail, sues a prosecutor and two public defenders under 42 U.S.C. § 1983. United States Magistrate Judge Kyle Dudek granted Fletcher leave to proceed *in forma pauperis*, so the Court must review the Complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief. *See* 28 U.S.C. 1915(e)(2).

Fletcher alleges the public defenders and prosecutor in his ongoing state criminal case have repeatedly violated his right to due process by waiving his right to a speedy trial. He asks this Court to depose or disqualify the police

involved in his case and make the state trial court either speed up or drop the criminal case against him.

Fletcher cannot sue the prosecutor because prosecutors enjoy absolute immunity from allegations stemming from their function as advocates. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009). His claim against the public defenders also fails. To state a § 1983 claim, Fletcher "must allege that a person acting under color of state law deprived him of a federal right." *McIndoo v. Broward Cnty.*, 750 F. App'x 816, 819 (11th Cir. 2018). State-appointed attorneys are not state actors under § 1983. *Id.* at 820 (citing *Vermont v. Brillon*, 556 U.S. 81 (2009)). Fletcher thus fails to state a claim against any defendant.

This action is also barred by *Younger v. Harris*, which forbids federal courts from enjoining state criminal proceedings "absent extraordinary circumstances." 401 U.S. 37, 45 (1971). Principles of equity, comity, and federalism require the Court to abstain from interfering in state criminal proceedings. *Id.* Fletcher offers no reason for this Court to overlook the abstention principle. Nor does he allege any facts that warrant application of any exception to the *Younger* doctrine. Fletcher may not use this Court as a pretrial motions venue for his state criminal case.

The only proper venue for Fletcher's claims is currently the state criminal court, and Fletcher cannot sue any of the defendants under § 1983, so

amendment of his Complaint would be futile. If Fletcher is convicted and imprisoned, he may collaterally attack the conviction by filing a federal habeas petition after exhausting state postconviction remedies.

Accordingly, it is now

**ORDERED:**

Plaintiff James William Fletcher's Complaint for Violations of Civil Rights (Doc. 1) is **DISMISSED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 23, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record